GUITAR v. COMMERCIAL NAT. BANK OF ABILENE et al. (No. 7966.)

(Court of Civil Appeals of Texas. Ft. Worth. May 23, 1914. Rehearing Denied July 4, 1914.)

APPEAL AND ERROR (§ 1001*) — REVIEW — FINDINGS.

A verdict of the jury based on sufficient evidence will not be disturbed on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3922, 3928, 3934; Dec. Dig. § 1001.*]

Appeal from District Court, Taylor County; Thos. L. Blanton, Judge.

Action by John Guitar against the Commercial National Bank of Abilene and others. From a judgment for defendants, plaintiff appeals. Affirmed.

S. P. Hardwicke, of Abilene, for appellant. Scarborough & Hickman, J. M. Wagstaff, and D. M. Oldham, Jr., all of Abilene, for appellees.

SPEER, J. John Guitar, as plaintiff below, sued the Commercial National Bank of Abilene, the First State Bank & Trust Company of Abilene, J. M. Porter, Bruce E. Oliver, and J. C. Russell, alleging, in substance, that on September 4, 1909, he and the Commercial National Bank of Abilene entered into the following agreement:

"Abilene, Texas, Sep. 4, 1909.

"This agreement entered into by and between the Commercial National Bank of Abilene and John Guitar, Jr., of Abilene, Texas, witnesseth: That the Commercial National Bank of Abilene, Texas, agrees to have the proceeds of a $9,000.00 note of John Guitar, Jr., placed to the special account of J. C. Russell and Bruce E. Oliver, trustees, and that all of the said proceeds be used in purchasing stock of the Commercial National Bank of Abilene, Texas, owned by W. M. Lacy. And that all said stock be reissued in the name of J. C. Russell and as soon as issued to be indorsed in blank by J. C. Russell and said stock to be held by the Commercial National Bank for said trustees and to secure John Guitar, Jr., and that said stock be sold from time to time to desirable parties by said bank and all proceeds to be placed to the credit of said trustees and to be applied by said trustees and bank to the payment of said note for $9,000.00, and that said note for $9,000.00 is dated September 4th, 1909, and due February 1, 1910, with interest from maturity.

"Commercial Natl. Bank of Abilene, Tex.

"[Signed] J. C. Russell, Cashier. [Seal.]"

The plaintiff alleged that in accordance with this agreement he executed his note for $9,000, and that the Commercial National Bank realized on that note and came into possession of the proceeds thereof; that instead of placing the proceeds of the note to the special account of J. C. Russell and Bruce E. Oliver, trustees, and instead of using the proceeds thereof by purchasing the Lacy stock and having the same reissued in the name of J. C. Russell and holding of the same by the bank for said trustees, the Commercial National Bank converted the proceeds to its own use. He further alleged that about April 15, 1913, the defendant First State Bank & Trust Company of Abilene took over the properties and assets of the Commercial National Bank and agreed to pay all of its liabilities. The defendants pleaded that the execution of the note by the plaintiff was not an accommodation to the Commercial National Bank, but to J. C. Russell individually, and that said note was delivered to Russell, not by reason of the contract declared upon by plaintiff, but by reason of another instrument executed on the same day as follows:

"State of Texas, County of Taylor:

"Whereas, I have this day executed to J. C. Russell of Abilene, Texas, one note for $9,000.00 payable to the order of said Russell at Abilene, Texas, due February 1st, 1910, dated September 4th, 1909, with which to purchase stock of the Commercial National Bank of Abilene, Texas, which said Russell is to hold and sell to other parties and apply the proceeds of said sales of stock to the payment of said note; and whereas, the said J. C. Russell to secure me and hold me harmless from the payment of said note at its maturity, has executed and delivered to me his certain note for like amount due and dated as the above note, payable to my order, and indorsed by J. N. Porter and Bruce E.

Oliver: This is to show that I hereby agree to return to said Russell the said note executed by him upon the payment of the note executed by me to be paid to J. C. Russell, and hereby agree to hold harmless the said Russell, Porter and Oliver by reason of the execution of said note to me in case the said note executed by me is paid and satisfied by J. C. Russell.

"Witness my hand this 4th day of September, 1909.          [Signed] John Guitar, Jr."

At the time the above instrument was delivered to the plaintiff J. C. Russell executed to John Guitar his note for $9,000 indorsed by J. N. Porter, Bruce E. Oliver, and C. A. Lanius, all of whom were directors of the Commercial National Bank, as follows:

"$9,000.00.

"Abilene, Texas, September 4th, 1909. "February 1st, 1910, without grace after date for value received we, I, or either of us, promise to pay to the order of John Guitar, Jr. at the Commercial National Bank in the city of Abilene, Texas, nine thousand dollars for value received, negotiable and payable without defalcation or discount, with interest at the rate of ten per cent. per annum from maturity until paid and ten per cent. attorney's fees if sued upon, or placed in the hands of an attorney for collection. The makers and all indorsers hereof severally waive presentment for payment, protest and notice of protest."

"[Signed] J. C. Russell.
"Due February 1st, 1909.
"Post Office, Abilene, Texas."

The defendants alleged that the contract and the note above set out were the basis and consideration for which the plaintiff executed his $9,000 note to the said J. C. Russell. The cause was submitted to the jury on special issues, and upon the findings returned thereto judgment was entered for the defendants, and the plaintiff appeals.

Following are the special issues submitted:

"1. Was the execution and delivery by John Guitar of his $9,000 note to J. C. Russell on September 4, 1909, an accommodation to the Commercial National Bank of Abilene, or an accommodation to J. C. Russell individually?"

To this the jury answered, "To J. C. Russell."

"2. Was the instrument signed under the corporate name and seal of the Commercial National Bank, which was dated September 4, 1909, and which was declared on by the plaintiff in this suit, any part of the consideration for the note which John Guitar executed and delivered to J. C. Russell on September 4th?"

To this the jury answered, "No."

"3. Did John Guitar accept the $9,000 note signed by J. C. Russell, J. N. Porter, and Bruce E. Oliver, together with the second instrument offered in evidence signed by said Guitar of date September 4, 1909, in lieu of and as a substitute for the said instrument theretofore signed under the corporate name and seal of said Commercial National Bank, or did he accept same as additional security?"

To this the jury answered, "Yes."

The defendants also asked the following special issue to be submitted:

"You will determine from the evidence which instrument was the basis of the execution and delivery of the $9,000 note by John Guitar to J. C. Russell."

This was submitted, and the jury replied, "The second one or last one."

Appellant, in effect, attacks these findings as being unsupported by the evidence, but the evidence complained of in the second, third, fourth, fifth, sixth, seventh, eighth, ninth, tenth, eleventh, and twelfth assignments, all of which are overruled, when taken in connection with the direct testimony of appellee Russell, abundantly supports the jury's finding to the effect that the contract pleaded by appellees, and not that pleaded by appellant, formed the basis of appellant's note. If this be true, then of course appellant could not recover in this case independently of other defenses urged by appellees. The assignments enumerated above, complaining of the admission of evidence, are overruled because we are of the opinion the testimony objected to was relevant and material to the vital issue submitted to be determined by the jury.

There is no error in the judgment, and it is affirmed.